DECISION.
{¶ 1} Defendant-appellant Terry Stone had downloaded and saved ten images of child pornography on his home computer. He was convicted of ten counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), in the cases numbered B-0310067 and B-0402048, following the entry of a guilty plea. The trial court sentenced Stone to a one-year prison term for each count and ordered the terms to be served consecutively. Bringing forth two assignments of error, Stone now appeals his convictions and sentences, arguing that they involved allied offenses of similar import under R.C. 2941.25. We disagree.
 {¶ 2} In his first assignment of error, Stone asserts that the trial court erred by refusing to consider a motion to amend his sentences because the convictions involved allied offenses of similar import. We overrule this assignment of error, as we have previously remanded this case to the trial court for the purposes of reconsidering the sentence in light of the question of allied offenses. On remand, the trial court overruled the motion to reconsider and imposed the same sentence as before, implying that the convictions did not involve allied offenses.
 {¶ 3} In his second assignment of error, Stone argues that some of his convictions for pandering sexual material involving a minor involved allied offenses of similar import and, thus, that the trial court's imposition of multiple sentences was precluded by R.C. 2941.25.
 {¶ 4} R.C. 2941.25(A) provides that where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the defendant may be convicted of only one of the offenses. But R.C. 2941.25(B) provides that where the conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the defendant may be convicted of all the offenses.
 {¶ 5} In applying R.C. 2941.25, courts ordinarily engage in a two-step analysis. The first step requires a comparison of the elements of the offenses in the abstract. Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other.[1] Stone has met the first part of this test, as all of his convictions involved possessing material that showed a minor engaging in sexual activity in violation of R.C. 2907.322(A)(5). Thus, we proceed to the next step in the analysis.
 {¶ 6} In the second step, we must review Stone's conduct to determine whether the offenses were committed separately or with a separate animus as to each.[2] Stone argues that he downloaded and saved the ten images in three separate groups and, thus, that he could only be sentenced, at the most, for three of the offenses.
 {¶ 7} The record shows that on September 9, 2003, Stone downloaded and saved five images of children engaged in sexual activity within a span of two minutes. The images had the following titles: TheBoyz 330, TheBoyz 324, TheBoyz 323, and TheBoyz 331. Later that same day, Stone downloaded and saved another image depicting children engaged in sexual activity, this one entitled Fjslkdfj. Finally, on October 9, 2003, Stone downloaded five more images depicting children engaged in sexual activity within a span of three minutes. The images were entitled as follows: 2 Young Preteen Boys, 3GF, 463SKK, Blow, and Firsttime.
 {¶ 8} Stone maintains that his act of downloading the first five images on September 9, 2003, was a continuous course of conduct because it occurred over a short time span — two minutes. He argues that he did not have the time to form a separate intent to possess each individual image over such a short time. He makes the same argument with respect to the group of images downloaded and saved on October 10, 2003.
 {¶ 9} We are unpersuaded by Stone's argument. The record demonstrates that Stone separately downloaded each image. Simply because technology allowed him to do so quickly did not mean that there was a continuous course of conduct. (For example, on October 9, 2003, Stone downloaded five images at the following times: 1:33:50 p.m., 1:34:22 p.m., 1:34:50 p.m., 1:35:44 p.m., and 1:36:44 p.m.) Every time Stone downloaded a separate image or file he recommitted himself to additional criminal conduct. That there were at least ten separate files on Stone's computer, created and saved at different times and not simultaneously, supported the conclusion that he made a new decision to obtain child pornography each time he downloaded an image. Thus, a separate animus existed for each offense. Accordingly, Stone's multiple convictions for possessing child pornography were permitted under R.C. 2941.25.
 {¶ 10} The Eleventh Appellate District has reached a similar conclusion in State v. Yodice.[3] There, the court partially relied on the fact that the images of child pornography were obtained at different times to hold that a separate animus existed for each possession charge.[4] Other jurisdictions have also considered the proper "prosecution unit" in possession-of-child-pornography cases and have concluded that multiple convictions are allowed for the possession of each individual image.[5] Specifically, the Wisconsin Supreme Court has held that multiple convictions for possession of child pornography may stand where the images are created at different times, regardless of whether the images are downloaded within a short time.[6]
 {¶ 11} Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DOAN, P.J., HILDEBRANDT and HENDON, JJ.
[1] State v. Rance, 85 Ohio St.3d 632, 638-639, 1999-Ohio-291,710 N.E.2d 699.
[2] State v. Mitchell (1983), 6 Ohio St.3d 416, 418, 453 N.E.2d 593.
[3] 11th Dist. No. 00-CR-000012, 2002-Ohio-7344.
[4] Id. at ¶ 25.
[5] State v. Morrison, 2001-UT-73, 31 P.3d 547, at ¶ 26; State v.Knutson (1991), 64 Wash.App. 76, 823 P.2d 513; United States v. Esch
(C.A. 10, 1987), 832 F.2d 531.
[6] State v. Multaler, 252 Wis.2d 54, 2002-WI-35, 643 N.W.2d 437, at ¶ 58.