[Cite as *State v. Lucicosky*, 2017-Ohio-2960.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0112 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARK LUCICOSKY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 2015 CR 462

JUDGMENT:     Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:     Atty. Rhys B. Cartwright-Jones
42 N. Phelps St.
Youngstown, OH 44503-1130

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 23, 2017

ROBB, P.J.

**{¶1}** Defendant-Appellant Mark Lucicosky appeals the sentence entered by the Mahoning County Common Pleas Court for his convictions for attempted pandering obscenity involving a minor and pandering obscenity involving a minor convictions. Two issues are raised in this appeal. The first is whether the trial court errored in imposing consecutive sentences. The second issue is whether the offenses are allied offenses of similar import and, if so, did the trial court err when it failed to merge the offenses.

**{¶2}** For the reasons expressed below, the trial court did not err when it failed to merge the offenses. The trial court, however, did fail to make the requisite consecutive sentence findings. Accordingly, the sentence is vacated and the cause is remanded for resentencing.

### Statement of the Case

**{¶3}** Appellant was indicted for pandering obscenity involving a minor. 5/14/15 Indictment. The first two counts of the indictment were for violations of R.C. 2907.321(A)(2)(C), pandering obscenity involving a minor, second-degree felonies. Counts three through seventeen were for violations of R.C. 2907.321(A)(5)(C), pandering obscenity involving a minor, fourth-degree felonies.

**{¶4}** In March 2016, Appellant and the state entered into a Crim.R. 11 agreement. 3/11/16 J.E. The state amended count one of the indictment to attempted pandering obscenity involving a minor in violation of R.C. 2923.02 and R.C. 2907.321(A)(2)(C), a third-degree felony, and dismissed count two of the indictment. 3/11/16 J.E. Appellant pled guilty to amended count one and counts three through seventeen. 3/18/16 Crim.R. 11 Guilty Plea. The state recommended a 10-year sentence and a Tier II sex offender registration. 3/18/16 Crim.R. 11 Guilty Plea.

**{¶5}** At the sentencing hearing, the state followed the plea agreement and recommended a 10-year sentence. Sentencing Tr. 5. The state argued a 10-year sentence was warranted because the National Center for Missing and Exploited Children was able to identify 27 children in Appellant's collection of child

pornography, and each of those children were victims. Sentencing Tr. 3-4. Appellant argued the offenses should merge and asked for a lesser sentence. Sentencing Tr. 8-15.

**{¶6}** The trial court sentenced Appellant to an aggregate eight-year sentence. He received three years on count one and one year on counts three through seventeen. The one-year sentences on counts three through seven were ordered to run consecutive to each other and consecutive to the three-year sentence on count one. The one-year sentences on counts eight through seventeen were ordered to run concurrent to each other and concurrent to all other sentences imposed. Sentencing Tr. 19.

**{¶7}** Appellant timely appeals the sentence.

<u>First Assignment of Error</u>
<u>Consecutive Sentences</u>

"The trial court erred in imposing consecutive sentences, totaling 8 years, because the record does not contain any evidence of a pattern of conduct under R.C. 2929.14(C)(4)(b)."

**{¶8}** Appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2) an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

**{¶9}** When a trial court imposes a consecutive sentence it must make the required R.C. 2929.14(C)(4) findings at the sentencing hearing, and it must incorporate those findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 654, ¶ 29. R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the
> prison terms consecutively if the court finds that the consecutive service
> is necessary to protect the public from future crime or to punish the

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶10} Appellant's argument focuses on division (b) of R.C. 2929.14(C)(4). He contends there is no clear and convincing evidence to prove a course of conduct. He contends course of conduct involves multiple instances, not multiple objects. Here, the indictment asserts the pandering offenses occurred on the same day and Appellant had multiple videos and/or images of child pornography. He appears to be asserting these multiple videos and images are one instance of multiple objects. He likens the case to a narcotics case were an offender is caught with ten one gram bags of drugs. That offender is not charged, convicted, and sentenced for ten counts of possession, rather he is charged, convicted, and sentenced for a single possession offense of having ten grams of drugs.

{¶11} The state disagrees with Appellant's argument. It asserts Appellant's course of conduct is not akin to drug possession and cites this court to an Eighth Appellate Court decision where the offense was child pornography, *State v. Duhamel*. In *Duhamel*, the court stated, "Every video or image of child pornography on the internet constitutes a permanent record of that particular child's sexual abuse. The harm caused by these videos is exacerbated by their circulation." *State v. Duhamel*, 8th Dist. No. 102346, 2015-Ohio-3145, ¶ 54. The appellate court concluded consecutive sentences were not clearly and convincing contrary to law because the multiple downloads of child pornographic material constituted a course of conduct. *Id.* It also held the record supported the trial court's finding that consecutive sentences are proportionate to the seriousness of Duhamel's crimes, are necessary to punish Duhamel for his multiple downloads of child pornographic material, and to protect the public.

{¶12} In the case at hand, at the sentencing hearing, the trial court found a course of conduct. In doing so it stated, "The court finds given the age of the pornography and the facts as presented to the court, that this was a course of the conduct involving multiple victims, and that was the worse form of the offense." Sentencing Tr. 18.

{¶13} Considering the *Duhamel* reasoning and the record in this case, a course of conduct finding is not contrary to law. The record indicated there were over 27 victims and there were numerous videos and images. The state explained, Appellant sorted the videos, and saved some to his computer and moved others to external storage devices; these videos and images did not accidentally end up on Appellant's computer. Sentencing Tr. 5. The state also noted Appellant admitted he understood he was making these videos and images available for other people to download. Sentencing Tr. 6.

{¶14} Furthermore, despite Appellant's insistence, pandering is not akin to drug possession. The drug possession statute, as written and enacted by the General Assembly, considers the amount of drugs in determining the degree of the offense. The pandering statute is not written in that manner. The pandering statute,

R.C. 2907.321, was enacted in 1977 and amended in 1984 and 1989. As Appellant's counsel noted at the sentencing hearing, when the statute was enacted pandering involved photographs and video interaction; it did not involve downloading which is an easier method of redistribution. Sentencing Tr. 12. Since the time of the last amendment, technology has advanced greatly; redistribution of pornography can occur rapidly and a vast amount of pornography can be obtained quickly. However, it is the General Assembly's province to amend the statute, not this court's.

{¶15} Therefore, the trial court's finding of a course of conduct is not contrary to law.

{¶16} That said, although the course of conduct statement is made at the sentencing hearing, the judgment entry is devoid of the finding. 7/26/16 J.E. In addition, the trial court failed to make any of the consecutive sentencing findings in the judgment entry. 7/26/16 J.E. Although those errors could be corrected by a nunc pro tunc entry, a thorough review of the sentencing transcript reveals the trial court failed to make all the mandated consecutive sentence findings at the hearing. *Bonnell*, 2014–Ohio–3177 at ¶ 30 (failing to incorporate statutory finding in a sentencing entry can be corrected by a nunc pro tunc entry, however a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence.").

{¶17} We have previously explained in ordering consecutive sentences a trial court must find: "(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b) or (c)." *State v. Jackson*, 7th Dist. No. 15 MA 93, 2016-Ohio-1063, ¶ 13; R.C. 2929.14(C)(4).

{¶18} At the sentencing hearing, the trial court stated:

The court has considered the record, the oral statements made and the principles and purposes of sentencing under Ohio Revised Code 2929.11, has balanced the seriousness and recidivism factors under

Ohio Revised Code 2929.12. The court has also reviewed the presentence report that was prepared, and the sentencing exhibits submitted to the court by the defendant.

The court finds defendant did plead guilty to one count of pandering obscenity involving a minor, in violation of Ohio Revised Codes 2923.02 and 2907.321(A)(2)(C), a felony of the third degree. And 15 counts of pandering obscenities involving a minor, in violation of Ohio Revised Code 2907.321(A)(5)(C), all felonies of the fourth degree.

The court further finds the defendant is not amenable to community control and that prison is consistent with the principles and purposes of sentencing. The court finds, given the age of the pornography and the facts as presented to the court, that this was a course of conduct involving multiple victims, and that was the worse form of the crime.

Therefore, the court is going to sentence the defendant on three years on Count One, to run consecutive to one year on counts three, four, five, six, and seven. All of which will be one year in the Department of Rehabilitations and Corrections. Counts eight through 17 will run concurrent for one year each of the sentence previously imposed for a total of eight years.

Sentencing Tr. 17-19.

**{¶19}** "Magic" or "talismanic" words are not needed, rather there merely needs to be an indication that the trial court made the necessary findings. *State v. Bellard*, 7th Dist. No. 12–MA–97, 2013–Ohio–2956, ¶ 17. The "worse form of the crime," "multiple victims," and "course of conduct" language constitute a R.C. 2929.14(C)(4)(c) finding; it is a finding the offenses were committed as part of course of conduct, and the harm caused by the offenses was so great that no single prison term adequately reflects the seriousness of the offender's conduct.

**{¶20}** However, as explained above, the trial court was also required to find: 1) consecutive sentences are necessary to protect the public from future crime or to punish the offender and 2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). The trial court's statements do not constitute either of those two findings. Therefore, the trial court failed to comply with R.C. 2929.14(C) and the Ohio Supreme Court's decision in *Bonnell.*

**{¶21}** In conclusion, this assignment of error has merit. Although the trial court did make a R.C. 2929.14(C)(4)(b) course of conduct finding and such finding was not contrary to law, the trial court failed to make any of the other required consecutive sentencing findings. Failure to make the consecutive sentence findings at the sentencing hearing requires the sentence to be vacated and the matter remanded for a new sentencing hearing. *Bonnell*, 2014–Ohio–3177 at ¶ 37.

Second Assignment of Error
Merger

"The trial court erred in imposing consecutive sentences, totaling 8 years, as to offenses that merged as allied offenses of similar import."

**{¶22}** Appellant argues the trial court errored when it failed to merge the offenses. He asserts the record demonstrates there was a single animus to possess the pornography.

**{¶23}** Similar arguments have been made to our sister districts and held to be meritless. The Fifth Appellate District has aptly explained:

> The Ohio Supreme Court recently clarified the test courts should employ when deciding whether two or more offenses are allied offenses that merge into a single conviction under R.C. 2941.25 in *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, ¶ 25, clarifying its decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061 and describing that decision as "incomplete." *Id.* at ¶ 16. *Johnson* directed courts to focus on the defendant's conduct when evaluating whether offenses are allied. The *Ruff* court maintained that

when determining whether there are allied offenses that merge into a single conviction, the court must first examine the defendant's conduct. *Ruff* at ¶ 25. Multiple offenses do not merge if (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.* at syllabus. With respect to the first factor, the court explained that two or more offenses are dissimilar within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at syllabus.

We find the multiple offenses of pandering sexually oriented matter involving a minor in the case do not merge. We thus join with multiple other Ohio appellate court districts which have found that "multiple convictions are allowed for each individual image because a separate animus exists every time a separate image or file is downloaded and saved." *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015–Ohio–3145, ¶ 62, citing *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013–Ohio–1795, ¶ 53; *see also, State v. Eal*, 10th Dist. Franklin No. 11AP–460, 2012–Ohio–1373, ¶ 93. The selection of each individual video or image is a separate decision. *Id.*

\* \* \*

Appellant's convictions are not allied offenses of similar import because he downloaded each file of child pornography with a separate animus, and each downloaded file was a crime against a separate victim or victims. *Id.*; *see also, State v. Sanchez*, 11th Dist. No. 98–A–0006, 1999 WL 270055 (Apr. 9, 1999), at 6; *State v. Yodice*, 11th Dist. Lake No.2001–L–155, 2002–Ohio–7344, ¶ 25; *State v. Hendricks*, 8th Dist.

Cuyahoga No. 92213, 2009–Ohio–5556, ¶ 35; *State v. Stone*, 1st Dist. Hamilton No. C–040323, 2005–Ohio–5206.

*State v. Starcher*, 5th Dist. No. 2015CA00058, 2015-Ohio-5250, ¶ 34-35, 37.

**{¶24}** That reasoning is sound. Accordingly, the trial court did not err by denying the request to merge the offenses. There is no merit with this assignment of error.

## Conclusion

**{¶25}** The trial court correctly found the offenses did not merge and a consecutive sentence R.C. 2929.14(C)(4)(b) course of conduct occurred. However, the trial court erred when it failed to make all of the required consecutive sentence findings at the sentencing hearing. This error resulted in a failure to comply with R.C. 2929.14(C) and the Ohio Supreme Court's decision in *Bonnell*. Accordingly, the sentence is vacated and the matter is remanded for resentencing. Upon remand, the trial court is instructed to make the necessary consecutive sentence findings at the sentencing hearing or sentence Appellant to concurrent sentences. If the trial court imposes consecutive sentences, the consecutive sentence findings must be set forth in the judgment entry.

Waite, J., concurs.

DeGenaro, J., concurs.