JUDGES: Hon. Gene Donofrio, Hon. Cheryl L. Waite, Hon. Carol Ann Robb
OPINION
DONOFRIO, J.
*1266 {¶ 1} Defendant-appellant, Darryl Hipps, appeals from a Mahoning County Common Pleas Court judgment convicting him of five counts of pandering obscenity involving a minor and the sentence that followed.
{¶ 2} In late 2014, a law enforcement officer downloaded child pornography from an IP address that belonged to appellant on ten separate occasions. The child pornography was available to others via a peer-to-peer file sharing program appellant had downloaded onto his computer that allowed others to view his files.
{¶ 3} On April 16, 2015, a Mahoning County Grand Jury indicted appellant on five counts of pandering obscenity involving a minor, second-degree felonies in violation of R.C. 2907.321(A)(1)(C), and five counts of pandering sexually oriented matter involving a minor, fourth-degree felonies in violation of R.C. 2907.322(A)(5)(C). Appellant initially entered a not guilty plea.
{¶ 4} Appellant eventually entered into a plea agreement with plaintiff-appellee, the State of Ohio. Per the terms of the agreement, appellant entered a guilty plea to the five counts of pandering obscenity involving a minor and the state dismissed the five counts of pandering sexually oriented matter involving a minor. The trial court accepted appellant's plea and set the matter for sentencing.
{¶ 5} At appellant's sentencing hearing, the trial court sentenced him to eight years on the first four counts to be served concurrently. It sentenced him to two years on the fifth count, to be served consecutively to the sentence for the first four counts for a total sentence of ten years.
{¶ 6} Appellant filed a timely notice of appeal on July 7, 2016. He now raises two assignments of error.
{¶ 7} Appellant's first assignment of error states:
THE SENTENCING COURT ERRED IN FAILING TO MERGE THE FIVE COUNTS OF PANDERING OBSCENITY FOR WHICH DEFENDANT-APPELLANT WAS CONVICTED BECAUSE THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT, COMMITTED BY A SINGLE ACT OF DEFENDANT-APPELLANT AND HE DID NOT HAVE A SEPARATE ANIMUS FOR EACH IN THAT THE GOVERNMENT AGENTS DOWNLOADED THE OBSCENE MATERIAL WITHOUT HIS KNOWLEDGE.
{¶ 8} At his sentencing hearing, appellant's counsel argued that once appellant downloaded the file sharing program onto his computer, the person who viewed his pornography did not require his permission to view the pornography. Counsel argued, therefore, that law enforcement could create as many counts as they wanted to because every time they pushed a button and viewed the pornography, a new count was created. (Tr. 10-11). Therefore, *1267 counsel argued the trial court should merge appellant's five convictions for purposes of sentencing because appellant only had a single animus. (Tr. 14).
{¶ 9} The state, however, argued against merger. It pointed out that the five counts represented multiple videos and multiple dates on which the videos were shared by appellant. (Tr. 29). The state noted that the downloads occurred on November 20, 2014, December 15, 2014, again on December 15, 2014, December 18, 2014, and December 19, 2014. (Tr. 30). Additionally, each download contained a different pornographic video with a different title. (Tr. 30-31).
{¶ 10} The trial court agreed with the state. It found that the counts did not merge for purposes of sentencing. (Tr. 33).
{¶ 11} Appellant now argues the trial court should have merged the five counts of pandering obscenity for sentencing purposes. He points out that he was convicted of multiple counts based on the dates a law enforcement officer downloaded the obscene material without appellant's knowledge. Appellant asserts he only engaged in a single act of establishing a peer-to-peer file sharing network with the obscene material on it. He states that others could gain access to his obscene files without notifying him or asking his permission.
{¶ 12} R.C. 2941.25 provides:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶ 13} The Ohio Supreme Court addressed the issue of offenses of similar import requiring merger in State v. Ruff , 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. Id. at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B)"when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." Id. at paragraph two of the syllabus.
{¶ 14} The Fifth District addressed a similar case involving child pornography. In State v. Starcher , 5th Dist. No. 2015CA00058, 2015-Ohio-5250, 2015 WL 9078463, the appellant was convicted of one count of pandering sexually oriented matter involving a minor and 19 counts of pandering sexually oriented matter involving a minor. On appeal, the appellant argued the offenses were allied-offenses that should have merged for sentencing.
{¶ 15} The Fifth District, relying on the Ohio Supreme Court's Ruff analysis found:
We find the multiple offenses of pandering sexually oriented matter involving a minor in the case do not merge. We thus join with multiple other Ohio appellate court districts which have found that "multiple convictions are allowed for each individual image because a separate animus exists every time a *1268 separate image or file is downloaded and saved." State v. Duhamel , 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145 [2015 WL 4656547], ¶ 62, citing State v. Mannarino , 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795 [2013 WL 1859026], ¶ 53 ; see also, State v. Eal , 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373 [2012 WL 1078331], ¶ 93. The selection of each individual video or image is a separate decision. Id.
As observed in Duhamel , the children depicted in the images or videos are the victims of the pandering offenses. Id. , 2015-Ohio-3145 [2015 WL 4656547], ¶ 61, citing State v. Meadows , 28 Ohio St.3d 43, 49, 503 N.E.2d 697 (1986). Further, [e]ach video and image presents a different child or group of children. Individuals who view or circulate child pornography harm the child in several ways (1) by perpetuating the abuse initiated by the creator of the material, (2) by invading the child's privacy, and (3) by providing an economic motive for producers of child pornography. U.S. v. Norris , 159 F.3d 926 (5th Cir. 1998). As previously stated, the dissemination of child pornography exacerbates and continues the exploitation and victimization of the individual child. [New York v.] Ferber , 458 U.S. 747 at 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113 [ (1982) ] ; See also U.S. v. Sherman , 268 F.3d 539, 545 (7th Cir. 2001) (even a "passive consumer who merely receives or possesses the images directly contributes to this continuing victimization."). State v. Duhamel , 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145 [2015 WL 4656547], ¶ 61.
Appellant's convictions are not allied offenses of similar import because he downloaded each file of child pornography with a separate animus, and each downloaded file was a crime against a separate victim or victims. Id. ; see also, State v. Sanchez , 11th Dist. No. 98-A-0006, 1999 WL 270055 (Apr. 9, 1999), at 6 ; State v. Yodice , 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344 [2002 WL 31895121], ¶ 25 ; State v. Hendricks , 8th Dist. Cuyahoga No. 92213, 2009-Ohio-5556 [2009 WL 3389176], ¶ 35 ; State v. Stone , 1st Dist. Hamilton No. C-040323, 2005-Ohio-5206 [2005 WL 2400895].
Id. at ¶ 35-37.
{¶ 16} This court recently found Starcher's reasoning to be sound and applied it to a similar case where the appellant argued that the trial court should have merged multiple counts of pandering obscenity involving a minor because there was a single animus to possess the pornography. State v. Lucicosky , 2017-Ohio-2960, 91 N.E.3d 152.
{¶ 17} Appellant contends his case is distinguishable because he used a file-sharing program that allowed others to download his pornography without his knowledge, thus asserting he had only one animus. This is a distinction without a difference. There were at least five different videos with at least five different victims involved here. Each one constituted its own offense.
{¶ 18} Accordingly, appellant's first assignment of error is without merit and is overruled.
{¶ 19} Appellant's second assignment of error states:
THE SENTENCING COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES IN VIOLATION OF ORC § 2929.14(C)(4) WHEN IT FAILED TO FIND THAT AT LEAST TWO OF THE MULTIPLE OFFENSES WERE COMMITTED AS PART OF ONE OR MORE COURSES OF CONDUCT.
{¶ 20} Appellant contends here that the trial court failed to make the *1269 findings required to impose consecutive sentences. He alleges deficient findings both at the sentencing hearing and in the judgment entry of sentence. Specifically, he asserts the court failed to make a finding to comply with R.C. 2929.14(C)(4)(a)(b) or (c).
{¶ 21} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:
(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 22} It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). State v. Bellard , 7th Dist. No. 12-MA-97, 2013-Ohio-2956, 2013 WL 3462485, ¶ 17. However, the court need not give its reasons for making those findings. State v. Power , 7th Dist. No. 12 CO 14, 2013-Ohio-4254, 2013 WL 5437346, ¶ 38.
{¶ 23} The Ohio Supreme Court has held that the trial court must make its findings at the sentencing hearing and not simply in the sentencing judgment entry:
In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.
State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The court stressed the importance of making the findings at the sentencing hearing, noting this gives notice to the offender and to defense counsel. Id. at ¶ 29. The trial court should also incorporate its statutory findings into the sentencing entry. Id. at ¶ 30.
{¶ 24} The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." State v. Hill , 7th Dist. No. 13 CA 82, 2014-Ohio-1965, 2014 WL 1878769, ¶ 27.
{¶ 25} The trial court clearly made the necessary findings at the sentencing hearing *1270 as to the first two findings. As to the first consecutive sentencing requirement, the trial court found that consecutive sentences were necessary to protect the public and punish appellant. (Tr. 46-47). As to the second consecutive sentencing requirement, the court found that consecutive sentences were not disproportionate with other similar sentences. (Tr. 47).
{¶ 26} The trial court also made the third finding, in accordance with R.C. 2020.14(C)(4)(b). As to the third consecutive sentencing requirement, the court found that a single prison term does not adequately reflect the seriousness of appellant's conduct. (Tr. 47). The court did not specifically state that at least two of the multiple offenses were committed as part of the one or more courses of conduct. This is where the error occurred, appellant urges. Nonetheless, the court did make the finding that a single prison term did not adequately reflect the seriousness of appellant's conduct. And the court discussed how there were multiple children victimized in the videos and that by providing access to these videos, it continued others' ability to create, sell, and distribute child pornography. (Tr. 42-44).
{¶ 27} In a very similar case, the trial court also made the first two consecutive sentencing findings and then, as to the third finding it simply failed to include the specific language that at least two of the multiple offenses were committed as part of the one or more courses of conduct. State v. Clark , 9th Dist. No. 27511, 2016-Ohio-91, 2016 WL 156297. The appellant in that case then made the same argument as appellant does in this case. Id. at ¶ 11. The Ninth District ruled that to accept the appellant's argument would "elevate form over substance and require the mere incantation of words." Id. at ¶ 14. The court found that if it was able to discern from the record that the trial court engaged in the correct analysis and there is evidence to support its findings, "consecutive sentences should be upheld." Id. , citing Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. The Ninth District found that based on the record, the trial court engaged in the analysis required by R.C. 2929.14(C)(4) and the evidence supported its findings. Id.
{¶ 28} Again, no magic words were required by the trial court. Bellard , 2013-Ohio-2956, 2013 WL 3462485, ¶ 17. Instead, it must only be clear that the trial court engaged in the appropriate analysis. Hill , 2014-Ohio-1965, 2014 WL 1878769, ¶ 27. The trial court's statements in this case demonstrate that it engaged in the appropriate analysis.
{¶ 29} Additionally, the sentencing judgment entry states: "[T]he Court finds a consecutive sentence is necessary to protect the public and punish the Defendant, that it is not disproportionate, and that the harm is so great and unusual that a single term does not adequately reflect the seriousness of the conduct[.]" Thus, the sentencing judgment entry is sufficient.
{¶ 30} Accordingly, appellant's second assignment of error is without merit and is overruled.
{¶ 31} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
Robb, P.J., concurs.