[Cite as *State v. Lucicosky*, 2018-Ohio-4563.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MARK LUCICOSKY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0141**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2015 CR 462

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and
*Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor, Youngstown, Ohio  44503, for Plaintiff-Appellee

*Atty. Rhys B. Cartwright-Jones*, 42 N. Phelps Street, Youngstown, Ohio  44503-1130,
for Defendant-Appellant.

Dated:  November 9, 2018

---

**WAITE, J.**

{¶1} Appellant Mark Lucicosky appeals a December 11, 2017 Mahoning County Common Pleas Court resentencing entry. Appellant argues that the trial court imposed consecutive sentences based on his criminal record and history of court sanctions. However, the record demonstrates that he has no prior criminal record and has not been previously sanctioned by the court. Hence, he argues that the trial court's imposition of consecutive sentences is contrary to law. For the reasons provided, Appellant's argument has merit and the judgment of the trial court is reversed and remanded for the limited purpose of addressing the issue of consecutive sentences.

Factual and Procedural History

{¶2} On May 14, 2015, Appellant was indicted on two counts of pandering obscenity involving a minor, a felony of the second degree in violation of R.C. 2907.321(A)(2), (C), and fifteen counts of pandering obscenity involving a minor, a felony of the fourth degree in violation of R.C. 2907.321(A)(5), (C).

{¶3} On March 18, 2016, Appellant pleaded guilty to the following charges, as amended pursuant to a plea agreement: one count of pandering involving obscenity involving a minor, a felony of the third degree in violation of R.C. 2907.321(A)(2), (C), and fourteen counts of pandering involving a minor, a felony of the fourth degree in violation of R.C. 2907.321(A)(5), (C). One count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(2), (C) was dismissed.

{¶4} On July 26, 2016, the trial court sentenced Appellant to an aggregate total of eight years of incarceration. Counts two through seven were ordered to run consecutively. Appellant appealed his convictions and sentence. We affirmed Appellant's convictions, however, reversed his sentence in part as the trial court failed

to properly impose consecutive sentences pursuant to R.C. 2929.14(C)(4). *State v. Lucicosky*, 7th Dist. No. 16 MA 0112, 2017-Ohio-2960. On December 11, 2017, the trial court resentenced Appellant to the same eight-year sentence.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ISSUING CONSECUTIVE SENTENCES IN FAILING TO RECITE, LET ALONE ESTABLISH, THE ELEMENTS OF R.C. 2929.14(C)(4).

{¶5} Appellant argues that the trial court stated that it was relying on his criminal record and history of previous court sanctions when it imposed consecutive sentences. However, Appellant contends that, as demonstrated by his PSI in the matter, he had no previous criminal conviction or court sanction.

{¶6} The state does not directly address Appellant's arguments, here. Instead, the state argues generally that a trial court is permitted to impose consecutive sentences based on a defendant's criminal record.

{¶7} Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

[T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate these findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, 43 N.E.3d 797, 806, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court is not required to state reasons in support nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Williams* at ¶ 34, citing *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶ 28-29.

{¶9} As the state noted, the trial court found that consecutive sentences were necessary based on Appellant's criminal history. The court also found that Appellant committed the offense while under the court's sanction. After consecutive sentences were imposed at the sentencing hearing, defense counsel clarified that Appellant was not under any court sanction at the time he committed the offenses at issue.

Case No. 17 MA 0141

[**DEFENSE COUNSEL**]:  The only thing is I do have an objection to the idea that this was committed while under sanction of the court.  He was not on bond or probation.

**THE COURT**:  He was not on bond?

[**THE STATE**]:  No, I don't believe that he was.

(9/28/17 Resentencing Hrg. Tr., p. 9.)

{¶10} The trial court then adjourned court without any further discussion regarding Appellant's history of criminal convictions or court sanctions.

{¶11} Our review of the PSI in the matter reveals that Appellant has no juvenile adjudications.  As an adult, Appellant has received several speeding tickets and a license suspension which apparently relates to his failure to maintain insurance.  There are no criminal convictions apart from the instant offenses.  The state admitted at the original sentencing hearing that Appellant "doesn't have any criminal record except for traffic."  (11/10/16 Sentencing Hrg. Tr., p. 6.)  Further, there is no evidence that Appellant was out on any type of bond at the time the instant offenses were committed.  Again, the state admitted that Appellant was not out on bond at the time the offense was committed.

{¶12} Hence, although the record may contain facts which might support the trial court's sentencing here, the actual finding made by the court is not supported by evidence.  Appellant's sole assignment of error has merit and is sustained.

<u>Conclusion</u>

{¶13} Appellant argues that the trial court erroneously imposed consecutive sentences based on his criminal record and court sanction history.  Appellant lacks a

<u>Case No. 17 MA 0141</u>

previous criminal record and history of court sanctions.  Appellant's argument has merit and the judgment of the trial court is reversed and remanded for the limited purpose of addressing the issue of consecutive sentences.

Robb, P.J., concurs.

Bartlett, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed regarding Appellant's consecutive sentencing. We hereby remand this matter to the trial court for the limited purpose of addressing consecutive sentences according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**