[Cite as *State v. Pedraza*, 2020-Ohio-2661.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|  | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) |  |

STATE OF OHIO

    Appellee

v.

BENJAMIN PEDRAZA III

    Appellant

C.A. No.    19CA0049-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18CR0990

DECISION AND JOURNAL ENTRY

Dated: April 27, 2020

TEODOSIO, Judge.

{¶1}    Appellant, Benjamin Pedraza III, appeals from his convictions for pandering sexually oriented matter involving a minor in the Medina Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Pedraza met the victim ("T.B.") when they both worked at a Winking Lizard restaurant, and the couple soon entered into a relationship together. In May of 2018, 30-year-old Mr. Pedraza and 16-year-old T.B. rented a Brunswick hotel room and used T.B.'s cell phone to film themselves engaged in sexual activity. Two videos in particular were created or recorded: one video depicts the couple engaging in vaginal intercourse, while the other depicts Mr. Pedraza performing oral sex on T.B.

{¶3}    Upon discovering sexually explicit emails between the couple, T.B.'s mother contacted the police and provided them with T.B.'s cell phone. Mr. Pedraza was indicted on two

counts of pandering sexually oriented matter involving a minor, felonies of the second degree. After a jury trial, he was found guilty on both counts. The trial court ordered a pre-sentence investigation report ("PSI") and later sentenced Mr. Pedraza to five years in prison for each count, to be served concurrently with each other, and classified him as a Tier II sex offender.

{¶4} Mr. Pedraza now appeals from his convictions and raises three assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING SEPARATE SENTENCES FOR THE ALLIED OFFENSES IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION[] 10 OF THE OHIO CONSTITUTION.

{¶5} In his first assignment of error, Mr. Pedraza argues that the trial court erred in imposing separate sentences for allied offenses of similar import. We disagree.

{¶6} Mr. Pedraza argues that the two videos at issue were recorded with a single animus, at approximately the same time, and as part of a single course of conduct. He never raised the issue of allied offenses at the trial court level and has thus forfeited all but plain error on appeal. *See State v. Beech*, 9th Dist. Summit No. 29036, 2019-Ohio-120, ¶ 17. He now argues that the offenses should have been merged for sentencing as allied offenses of similar import, and that the court's imposition of separate sentences therefore "constituted plain error pursuant to Crim.R. 52(B)[,]" resulting in a void sentence.

{¶7} The Supreme Court of Ohio has stated that "when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the

judgment of conviction." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 29. Still, "a trial court's failure to merge offenses for purposes of sentencing, where the court has not previously found the offenses to be allied (either expressly or by merely failing to make such a finding), does not result in a void sentence, but rather a voidable one * * *." *In re D.M.*, 9th Dist. Medina No. 16CA0019-M, 2017-Ohio-232, ¶ 9, citing *Williams* at ¶ 23, 26. The trial court here did not make any finding as to whether Mr. Pedraza's offenses were allied and, therefore, his sentence will not be deemed void, regardless of whether the offenses are allied. *See State v. Fields*, 9th Dist. Summit No. 28667, 2018-Ohio-1605, ¶ 13.

{¶8} Although not brought to the attention of the trial court, we may still notice plain errors or defects affecting substantial rights. *See* Crim.R. 52(B). To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "Under a plain error review, any mistake by the trial court regarding allied offenses 'is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.'" *Beech* at ¶ 17, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. Mr. Pedraza therefore bears the burden of demonstrating "'a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]'" *Id.*, quoting *Rogers* at ¶ 3.

{¶9} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and [Article I, Section 10,] of the Ohio Constitution,

which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} The Supreme Court of Ohio clarified the standard for an analysis of allied offenses of similar import in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. "Animus" has been defined as "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). Multiple offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 26. Therefore, "courts must ask three questions when [a] defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Ruff* at ¶ 31. "An affirmative answer to any of the above will permit separate convictions." *Id.* "It is the defendant's burden to establish his or her entitlement to the protections of Section 2941.25." *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 8.

{¶11}   Mr. Pedraza was convicted of two counts of felony-two pandering sexually oriented matter involving a minor, under R.C. 2907.322(A)(1), which states: "No person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, record, photograph, film, develop, reproduce, or publish any material that shows a minor * * * participating or engaging in sexual activity * * *."   The charges stemmed from the creation, recording, or filming of two separate, sexually explicit videos, which were both recorded on T.B.'s cell phone.

{¶12}   This Court cannot agree that Mr. Pedraza's creation of these two videos were allied offenses of similar import.  We find no merit in his contention that the offenses were allied merely because the two videos were filmed around the same time.  While the videos may have been recorded around the same time, they were not created simultaneously.  The recording of each video "constitutes a new and distinct crime because 'the mere fact that the crimes occurred in quick succession does not mean that they were not committed separately or with separate animus.'" *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 60, quoting *State v. Eal*, 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373, ¶ 93.  In fact, "multiple convictions are allowed for each individual video file because a separate animus exists every time a separate image or file is created and saved." *State v. Pippin*, 1st Dist. Hamilton Nos. C-160380 and C-160381, 2017-Ohio-6970, ¶ 50. *See also State v. Hendricks*, 8th Dist. Cuyahoga No. 92213, 2009-Ohio-5556, ¶ 35.  We therefore conclude that the recording of each video was committed separately and with a separate animus. *See State v. Starcher*, 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, ¶ 36-37; *State v. Ryan*, 5th Dist. Delaware No. 18 CAA 01 0011, 2018-Ohio-4739, ¶ 65; *State v. Lucicosky*, 7th Dist. Mahoning No. 16 MA 0112, 2017-Ohio-2960, ¶ 23-24; *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 53; *State v. Stone*, 1st Dist. Hamilton No. C-040323, 2005-Ohio-5206, ¶ 9.

{¶13} Because the offenses were committed separately and with a separate animus, Mr. Pedraza has failed to demonstrate a reasonable probability that his crimes were allied offenses of similar import. *See Beech*, 2019-Ohio-120, at ¶ 17. He has therefore failed to establish any error, let alone plain error, committed by the trial court in this matter.

{¶14} Mr. Pedraza's first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. PEDRAZA BY IMPOSING A SENTENCE BASED UPON FACTS NOT CONTAINED IN THE RECORD AND THE TRIAL COURT'S FAILURE TO CONSIDER R.C. 2929.12, IN VIOLATION OF MR. PEDRAZA'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶15} In his second assignment of error, Mr. Pedraza argues that the trial court erred in imposing a sentence (1) based on facts not contained in the record, and (2) without considering R.C. 2929.12. We disagree.

{¶16} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶17} Mr. Pedraza first challenges the trial court's statements at sentencing that he "manipulated" T.B., causing her "serious psychological harm," arguing that the evidence instead simply showed that the couple is in love. Contrary to Mr. Pedraza's belief, however, the trial court's statements were indeed supported by the record.

{¶18} T.B.'s mother spoke at the sentencing hearing and detailed the "irreparable harm" suffered by T.B. as a result of Mr. Pedraza's actions. She spoke of how T.B. blames herself for her actions while under the direction of Mr. Pedraza. According to her mother, T.B. would lie and manipulate her family under Mr. Pedraza's tutelage in order to maintain contact with him. She has since abandoned her family, friends, and religious beliefs. T.B. has engaged in counseling since Mr. Pedraza's incarceration, but has been adamant that she will wait for him to be released and will lift a protection order once she reaches the age of eighteen. T.B. does not realize she is a victim and has made repeated threats of "not being alive" if she cannot be with Mr. Pedraza.

{¶19} The mother's statements were bolstered by T.B.'s own statements at sentencing. T.B. told the court that Mr. Pedraza is now incarcerated due to "our" poor judgment and a mistake that "we" made. She admitted that she blames herself for Mr. Pedraza's incarceration and also prays he can find it in his heart to forgive her for what she has put him through. She said it is her fault that she is now alone and that his children have been without their father. She maintained that she still loves him and looks forward to the time when they can put this behind them.

{¶20} A PSI was also prepared in this case and was considered by the trial court. The PSI painstakingly details countless e-mails and text messages between Mr. Pedraza and T.B., many of which are sexually explicit, of a lewd and lascivious nature, and depict the chilling amount of physical and psychological control Mr. Pedraza maintained over the young victim. The PSI also states that the "[v]ictim suffered serious physical, psychological, or economic harm[,]" noting "[t]he victim's mother indicated to the police that the defendant brainwashed the victim."

{¶21} Mr. Pedraza next claims that the trial court "never considered the recidivism factors" in this case, yet he presents no meaningful argument beyond this broad, conclusory statement. *See* App.R. 16(A)(7). Even so, the record belies this claim and instead establishes that

the trial court did, in fact, properly consider the recidivism factors set forth in R.C. 2929.12. The prosecutor first noted during sentencing: "Judge, as the Court is well aware, the seriousness and recidivism factors that the Court needs to consider * * *." Then, while speaking with defense counsel, the court itself referenced its consideration of recidivism factors while making statements such as the following: "[A]s you reference 2929.12(D), let's talk about the consideration then that the offender shows no genuine remorse"; and "[I]sn't it really the best evidence of the offender's lack of genuine remorse the fact that after the verdict came back, despite the no contact order, he contacted the victim by phone while he was in the jail?" Most importantly, however, the court explicitly stated immediately prior to sentencing Mr. Pedraza that it considered "all of the relevant factors outlined under 2929.11, 12, and 13 of the Revised Code, including the seriousness of the offense, recidivism factors and to protect the public from future crime and to punish [him] for [his] actions in this matter * * *."

{¶22} Mr. Pedraza does not dispute that his sentences fall within the permissible statutory range for felony-two pandering sexually oriented matter involving a minor offenses. He has also failed to show by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2).

{¶23} Accordingly, Mr. Pedraza's second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

MR. PEDRAZA WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED HIS CONSTITUTIONAL RIGHTS AGAINST UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE FOURTH, THE FIFTH, AND FOURTEENTH AMENDMENT[S] OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

**{¶24}** In his third assignment of error, Mr. Pedraza argues that he received ineffective assistance of counsel. We disagree.

**{¶25}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, debatable trial tactics will not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). To prove ineffective assistance of counsel, one must establish that: (1) her counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

**{¶26}** Mr. Pedraza argues that his counsel was ineffective for not filing a motion to suppress "rais[ing] the issue of the lack of a search warrant to access the cell phone contents." He argues that the mother's consent for police to search her daughter's phone was not valid. Mr. Pedraza believes the admission of "critical" "cell phone records" obtained without a search warrant violated his constitutional rights against unreasonable searches and seizures.

**{¶27}** Not only does the failure to file a motion to suppress not constitute ineffective assistance of counsel per se, *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65, but the argument Mr. Pedraza claims his counsel should have raised in a motion to suppress concerns the

constitutional rights of third parties. "Fourth Amendment rights are personal in nature and may not be vicariously asserted by others." *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997). "[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated * * *, not by those who are aggrieved solely by the introduction of damaging evidence." *Alderman v. United States*, 394 U.S. 165, 171-172 (1969).

{¶28} Thus, because Mr. Pedraza lacked standing to challenge any search of T.B.'s cell phone in this case, he cannot show how a motion to suppress evidence obtained from that cell phone would have been successful. Likewise, his counsel's decision to not file such a meritless motion cannot be deemed deficient performance. Because Mr. Pedraza has failed to show any deficient performance by counsel, we need not address the issue of prejudice, and his ineffective assistance claim must fail. *See Lortz* at ¶ 34.

{¶29} Mr. Pedraza's third assignment of error is overruled.

III.

{¶30} Mr. Pedraza's assignments of error are all overruled. The judgment of the Medina Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.