[Cite as *State v. Hall*, 2018-Ohio-619.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-17-1069

      Appellee                               Trial Court No. CR0201601318

v.

Kenneth Hall                                     **DECISION AND JUDGMENT**

      Appellant                              Decided:  February 16, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew J.
Lastra, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** Defendant-appellant, Kenneth Hall, appeals the July 28, 2016 judgment of

the Lucas County Court of Common Pleas, convicting him of two counts of rape and

sentencing him to consecutive prison terms of 15 years to life on each count.  For the

reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} Kenneth Hall was indicted on February 18, 2016, on two counts of rape of a child less than ten years of age, violations of R.C. 2907.02(A)(1)(b) and (B); two counts of pandering sexually-oriented matter involving a minor, violations of R.C. 2907.322(A)(5) and (C); and two counts of gross sexual imposition of a child less than 12 years of age, violations of R.C. 2907.05(B) and (C)(2). These charges stemmed from Hall's sexual abuse of his then-five-year-old daughter. Hall entered a plea of guilty to both counts of rape, and the trial court sentenced him to 15 years to life in prison on each count, to be served consecutively. The remaining counts of the indictment were dismissed. Hall appealed and assigns the following error for our review:

{¶ 3} The trial court acted contrary to law in not merging the two counts of rape.

## II. Law and Analysis

{¶ 4} Hall argues that the two counts of rape to which he pled guilty should have merged for purposes of sentencing because "[t]he two counts are identical." He insists that they relate to the same time period, did not involve a separate and distinct animus, and relate to the same victim. He claims that where there has been a guilty plea to allied offenses of similar import, the court must conduct a hearing to determine whether the counts merge for purposes of conviction and sentence.

{¶ 5} The state contends that Hall failed to raise this issue at trial, therefore, he has forfeited all but plain error. It asserts that details emerged at the sentencing hearing describing vaginal, anal, and digital rape, penetration with sex toys, forced performance

2.

of fellatio and cunnilingus, and other forms of sexual assault. It insists that while the indictment identifies a one-year date range during which the offenses were committed—instead of identifying specific dates for each offense—the record demonstrates that Hall committed multiple offenses over a period of a year, therefore, justifying multiple sentences.

{¶ 6} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The Double Jeopardy Clause protects against a number of abuses. *Id.* Pertinent to this case is the protection against multiple punishments for the same offense. *Id.* To that end, the General Assembly enacted R.C. 2941.25, which directs when multiple punishments may be imposed. *Id.* It prohibits multiple convictions for allied offenses of similar import arising out of the same conduct:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus

3.

as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 7} In *Ruff*, the Ohio Supreme Court examined in detail the analysis that must be performed in determining whether offenses are allied offenses of similar import under R.C. 2941.25. It identified three questions that must be asked: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. If the answer to any of these questions is "yes," the defendant may be convicted and sentenced for multiple offenses. *Id.* at ¶ 25, 30. The court explained that offenses are of *dissimilar* import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. It emphasized that the analysis must focus on the defendant's conduct, rather than simply compare the elements of two offenses. *Id.* at ¶ 30.

{¶ 8} In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, the Ohio Supreme Court held that a defendant who fails to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error. The court explained that "[f]orfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* It made clear that it is the accused's burden "to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct

4.

and without a separate animus," and, "absent that showing, the accused cannot demonstrate that the trial court committed plain error by failing to inquire whether the convictions merge for purposes of sentencing." *Id.*

{¶ 9} At Hall's sentencing hearing, the victim's mother made a statement to the court describing multiple acts committed by Hall against her daughter. She described instances of vaginal, anal, digital, and oral rape, and penetration of her daughter's vagina with sex toys. She indicated that Hall admitted to her that the abuse occurred over a period of a year. Hall did not dispute these facts at sentencing, and he does not challenge them in his merit brief on appeal. Hall also admitted during his presentence investigation ("PSI") that he raped his daughter and inserted his penis and finger into her private areas "twice over a period of a year."

{¶ 10} The law in Ohio is clear that multiple separate and distinct acts of penetration will support multiple convictions and sentences, and oral, anal, and vaginal rapes constitute separate and distinct acts. *State v. Hernandez*, 12th Dist. Warren No. CA2010-10-098, 2011-Ohio-3765, ¶ 48; *State v. Pippin*, 1st Dist. Hamilton Nos. C-160380, C-160381, 2017-Ohio-6970, ¶ 49. So whether Hall raped his daughter on only two occasions over a one-year period, as he indicated in the PSI, or whether, for instance, he penetrated her both anally and vaginally on one occasion, two separate and distinct rapes were committed and two sentences were properly imposed.

{¶ 11} It is also clear that no formal hearing is required, and the entire record— including the PSI and arguments and information presented at the sentencing hearing—

5.

may be considered in determining whether to merge multiple offenses at sentencing. *See State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 8, 10; *State v. Barnard*, 11th Dist. Ashtabula Nos. 2016-A-0010, 2016-A-0011, 2016-Ohio-7842, ¶ 38. Thus, the statement offered by the victim's mother and the information provided in the PSI may be considered in a merger analysis.

{¶ 12} Here, while the trial court did not expressly consider whether Hall's convictions were for allied offenses of similar import, a review of the record makes clear that they were not. Hall has failed to demonstrate a reasonable probability otherwise, therefore, he has failed to show that the trial court committed plain error by failing to inquire whether his convictions must merge for purposes of sentencing. Accordingly, we find his sole assignment of error not well-taken.

## III. Conclusion

{¶ 13} Because Hall has failed in his burden to demonstrate a reasonable probability that his convictions were for allied offenses of similar import, we find his sole assignment of error not well-taken. We affirm the July 28, 2016 judgment of the Lucas County Court of Common Pleas. Hall is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Thomas J. Osowik, J.

                                            _____
Christine E. Mayle, P.J.                                  JUDGE
CONCUR.

                                            _____
                                                          JUDGE