[Cite as *State v. Foggin*, 2021-Ohio-830.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2020-0038 |
| COREY FOGGIN | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2020-0024 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 17, 2021 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>Prosecuting Attorney<br>Muskingum County, Ohio | TODD W. BARSTOW<br>261 W. Johnstown Road, Suite #204<br>Columbus, Ohio  43230 |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio  43702-0189 | |

*Hoffman, J.*

**{¶1}** Defendant-Appellant Corey Foggin appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of forgery (R.C. 2913.31(A)) and theft (R.C. 2913.02(A)(1)) and sentencing him to twelve months incarceration on each conviction, to be served consecutively. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In October of 2019, Ellen Roe was vacationing in Ireland. Her nephew, Benjamin Hott, was staying at her house while she was away. On October 7, 2019, she received a call from her bank notifying her someone tried to cash a check purportedly signed by her deceased husband.

**{¶3}** Mrs. Roe called the Muskingum County Sherriff's Department and her daughter. Deputy Craig Swindle met Mrs. Roe's daughter at the home. They discovered two checks and a firearm were missing from the home. The checks were numbered 5969 and 5970.

**{¶4}** Appellant and Christain Hoffer appeared at the Community Bank in Zanesville on October 7, 2019, and presented check number 5970. Security video showed Appellant pulling the check out of his pocket and handing it to Hoffer, who signed it and presented it to the teller. The check was made out to Hoffer for $250.00 and signed by Earl Roe, with "work" written in the memo line. The teller could not find the signature of Earl Roe associated with the account, and presented the check to her assistant manager. When confronted with the problem, Appellant took out his phone to try to call the account holder, who he claimed was just leaving Wendy's. Unable to reach the account holder, Appellant and Hoffer asked for the check back. The bank made a copy

of the check and gave the original back to Appellant and Hoffer. After an unsuccessful attempt to cash the check at Checksmart, Hoffer finally cashed the check at Foodmart.

{¶5} After police obtained the security video from the bank, Hott identified Hoffer and Appellant as the men in the video. Detective Brad Shawger interviewed Appellant. Appellant admitted he spent the night with Hoffer and Hott, using methamphetamine. Appellant claimed Hoffer had a check, and Hoffer wanted Appellant and Hott to go with him to cash the check. Appellant told Det. Shawger they went to three places: Community Bank, Checksmart, and Foodmart. Appellant stated he only went inside with Hoffer at the bank, and otherwise waited in the car. Appellant told the detective he didn't know much about the check and never had it in his possession.

{¶6} Appellant was indicted by the Muskingum County Grand Jury with theft in violation of R.C. 2913.02(A)(1) and forgery in violation of R.C. 2913.31(A)(1). The case proceeded to jury trial in the Muskingum County Common Pleas Court. Appellant was convicted as charged.

{¶7} The case proceeded to a sentencing hearing, at which Appellant argued the convictions should merge as allied offenses of similar import. The trial court found the offenses did not merge based on separation of time and location, and noted two checks were taken. Appellant was sentenced to twelve months incarceration on each count, to be served consecutively, for an aggregate term of twenty-four months. It is from the June 23, 2020 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF THEFT AND FORGERY AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT MERGING THE OFFENSES OF THEFT AND FORGERY FOR PURPOSES OF SENTENCING.

I.

{¶8}   In his first assignment of error, Appellant argues his convictions were against the manifest weight and sufficiency of the evidence as the State did not present any evidence he was involved in the transaction at the bank in any way other than standing by as Hoffer presented the check, and further did not present evidence he took the check from Roe's checkbook.

{¶9}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'"  *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶10}  An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11}  Appellant was convicted of forgery in violation of R.C. 2913.31(A)(1), which provides,  "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall [f]orge any writing of another without the other person's authority."  He was also convicted of theft in violation of R.C. 2913.02(A)(1), which provides, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services [w]ithout the consent of the owner or person authorized to give consent."

{¶12}  The security video was played for the jury.  In the video, Appellant is seen removing a piece of paper from his pocket and handing it to Hoffer, who signed the paper and handed it to the teller.  The bank teller testified this video depicted the transaction involving Check 5970 written on Ellen Roe's account.  Appellant was identified as the man in the video seen handing the check to Hoffer by Det. Shawger and Deputy Swingle, and Deputy Swingle further testified Benjamin Hott identified Appellant in the video during police investigation.  Further, the teller testified Appellant pulled out his telephone to call the account holder about the problem with the check, referring to this person as "her," and claiming she was just leaving Wendy's. Tr. 147, 150.  Appellant admitted to spending

the night before the attempt to cash the check at Benjamin Hott's residence, and Ellen Roe testified Hott was staying at her house while she was in Ireland. Roe testified Appellant did not have her permission to have the check, and further the signature of "Earl Roe" was not valid because her husband passed away four years earlier.

{¶13} From the testimony and the video, we find the State presented sufficient evidence Appellant had the stolen check in his possession at the start of the transaction in the bank, and participated with Hoffer in the attempt to utter the forged check. Further, we find the jury did not lose its way in convicting Appellant, and the verdict is not against the manifest weight of the evidence.

{¶14} The first assignment of error is overruled.

II.

{¶15} In his second assignment of error, Appellant argues the trial court failed to merge his convictions as allied offenses of similar import.

{¶16} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence. When considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A), both the trial court and the reviewing court on appeal must first take into account the conduct of the defendant. *Id.* In other words, how were the offenses committed? *Id.* If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation. *Id.*

**{¶17}** Appellate review of an allied offense question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

**{¶18}** The trial court found the offenses did not merge, as the crimes were separated by time and location, and two checks were taken. We note the State's evidence related to Appellant's participation in the crimes related only to check number 5970, and thus we disregard the theft of check 5969 for purposes of our analysis.[1]

**{¶19}** Appellant relies on *State v. Malone,* 4th Dist. Scioto No. 14CA3648, 2016-Ohio-3543, 76 N.E.3d 290, in which the court held the offenses of receiving stolen property and forgery should merge:

> Applying these tests to the facts in the case sub judice, uttering and receiving stolen property in this context are not dissimilar offenses. They involve the same victim (McKibbin), and the "harm" occurred at the time the funds were removed from his account at Desco as a result of the cashed checks. Any recovery of those funds may have mitigated the loss McKibbin suffered, but they did not change the harm the victim suffered when the forged check was uttered.
>
> We are also not persuaded that the offenses were committed separately. Checks are property. *State v. Purdue*, 6th Dist. Wood No. WD–88–4, 1988 WL 91339 (Sep. 2, 1988). Cash is also property. By stealing McKibbin's blank checks, he has taken the victim's property. In forging and cashing those checks, appellant converted it from one form of property

---

[1] Appellant was charged in a multi-count indictment with other defendants, in which Lucas Gheen was charged with the theft and forgery of check number 5969.

(checks) to another (cash). By spending that money, appellant converted that cash to another form of property. Appellant converted property stolen from McKibbin from one form of property to another. These are not offenses committed separately.

Finally, there is no separate animus here. Whether it be uttering the forged check, or spending the money he stole from McKibbin's credit union account, the fact remains that appellant's animus was always the same— i.e., to steal from McKibbin and to use that money for appellant's own benefit. We therefore agree with appellant that, in light of the particular facts and circumstances of this case, uttering a forged a check in violation of R.C. 2913.31(A)(3) and receiving stolen property, in violation of R.C. 2913.51(A) constitute allied offenses of similar import and should have been merged.

**{¶20}** *Id*. at ¶¶ 18-20.  *See also State v. Marneros,* 8th Dist. Cuyahoga No. 101872, 2015-Ohio-2156, 35 N.E.3d 925, ¶ 44 (offenses of theft and forgery are allied offenses of similar import under the facts of this case because the harm resulting from each offense was the same, the offenses occurred simultaneously as a result of the same conduct, and arose from the same animus).  We are unpersuaded by the Fourth District's analysis in *Malone, supra.*

**{¶21}** In the instant case, the indictment clearly delineates which of Appellant's actions constituted each offense.  The fifth count of the indictment, charging Appellant with forgery, states Appellant, with purpose to defraud or knowing he was facilitating a fraud, recklessly forged Check No. 5970, in the amount of $250, on the Community Bank

account of Ellen Roe, without her authority.  The sixth count of the indictment, charging Appellant and Hoffer with theft, states Appellant, with purpose to deprive Ellen Roe of her property, to wit blank and unexecuted checks, knowingly obtained or exerted control over the property without Roe's consent.  Thus, from the indictment, the charge of theft related to the blank and unexecuted check, and not to the attempt to execute the check at the bank and obtain control over Roe's funds.  The theft of the blank and unexecuted check was complete, at the latest, at the point in time the check ended up in Appellant's pocket, prior to his presentation of the check at the bank, and independent of its forgery and the attempt to obtain cash from the bank for the check.  In contrast, in *Marneros, supra,* the defendant was specifically charged with theft by deception, and therefore the crimes of theft and forgery were committed simultaneously when the defendant presented the check at the bank and received money from the victim's account.  In this case, we find the crime of theft of the blank and unexecuted check occurred at a separate time and location from the attempt to utter the forged check at Community Bank and the ultimate successful uttering of the check at Foodmart, and thus the offenses are not allied offenses of similar import under the specific facts of this case.[2]

---

[2] While it appears from the record the offenses were committed with the same animus, it is arguable whether they are of similar or dissimilar import or significance because the victim in the theft offense was Roe, while the victim of the forgery was Foodmart.

**{¶22}**  The second assignment of error is overruled.

**{¶23}**  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur