**[Cite as *State v. Gibler*, 2025-Ohio-4689.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                                    Court of Appeals No. WM-25-005

    Appellee                                                 Trial Court No. 24 CR 00101

v.

Kalie Ann Gibler                                            **DECISION AND JUDGMENT**

    Appellant                                                Decided:  October 10, 2025

* * * * *

Christopher Bazeley, attorney for appellant.

Katherine J. Zartman, Prosecuting Attorney and
Joseph A. Urenovitch, Assistant Prosecutor, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Kalie Ann Gibler, appeals the February 10, 2025 judgment of the Williams County Court of Common Pleas, convicting her of engaging in a pattern of corrupt activity, counterfeiting, identity fraud, forgery, and theft, and

sentencing her to an aggregate prison term of a minimum of five years and a maximum of seven years. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Kalie Ann Gibler was indicted on counts of (1) engaging in a pattern of corrupt activity ("ECPA"), a violation of R.C. 2923.32(A)(1) and (B)(1), a first-degree felony (Count 1); counterfeiting, a violation of R.C. 2913.30(B)(4) and (C)(1), a third-degree felony (Count 2); counterfeiting, a violation of R.C. 2913.30(B)(1) and (C), a fourth-degree felony (Count 3); counterfeiting, a violation of R.C. 2913.30(B)(2) and (C), a fourth-degree felony (Count 4); counterfeiting, a violation of R.C. 2913.30(B)(3) and (C), a fourth-degree felony (Count 5); identity fraud, a violation of R.C. 2913.49(B)(1) and (I)(2), a fifth-degree felony (Count 6); forgery, a violation of R.C. 2913.31(A)(1) and (C)(1)(b), a fifth-degree felony (Count 7); possessing criminal tools, a violation of R.C. 2923.24(A) and (C), a fifth-degree felony (Count 8); and theft, a violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony (Count 9).

{¶ 3} Gibler entered a plea of guilty to amended Count 1, reduced to a second-degree felony; amended Count 2, reduced to a fourth-degree felony; and Counts 6, 7, and 9. As to amended Count 1, the trial court imposed an indefinite prison term of four years and a maximum prison term of six years. As to amended Count 2, it imposed a definite prison term of 12 months. And as to Counts 6, 7, and 9, it imposed definite prison terms of 11 months each. It ordered consecutive service of the prison terms imposed for amended Counts 1 and 2, and concurrent service of the terms imposed for amended

2.

Count 2 and Counts 6, 7, and 9.  The aggregate prison term imposed was a minimum of five years and a maximum of seven years.  Gibler's convictions and sentences are memorialized in a judgment journalized on February 10, 2025.

{¶ 4} Gibler appealed.  She assigns the following error for our review:

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE GIBLER'S CONVICTIONS FOR FORGERY AND THEFT.

## II.  Law and Analysis

{¶ 5} In her sole assignment of error, Gibler argues that her convictions of forgery (Count 7) and theft (Count 9) arose from a single, identifiable transaction, thus the trial court erred by failing to merge those convictions.  Gibler maintains that her forgery conviction is premised on conduct described in Count 1, Incident Three of the ECPA charge.  According to Gibler, "Incident Three" alleges that on September 29, 2022,  she forged—then cashed—two payroll checks from Pioneer Custom Coating.  She contends that the theft charge also arises from the misuse of these payroll checks and identifies a three-month window for the offense, ending on September 29, 2022.  She insists that these allegations in the indictment demonstrate that the forgery and theft convictions arose from the same conduct, are of the same import, were committed with the same animus, and involve the same victim.

{¶ 6} The State responds that the forgery and theft convictions are separate and distinct and do not merge.  It explains that the theft conviction stems from the physical theft of payroll checks from Pioneer Custom Coating, while the forgery conviction stems

3.

from Giblin's forging of endorsements onto those payroll checks. It also asserts that the conduct supporting the forgery charge was committed between June 24, 2022 and January 10, 2023, and included additional acts of forgery unrelated to Pioneer Custom Coating. The State submits that when Gibler pled guilty, she accepted as true that the forgery was committed during a period after the theft offense. It contends that there were multiple victims here: the employee whose signature was forged and had checks cashed in his name *and* the business from which Gibler physically stole the checks. The State insists that each suffered distinct and identifiable harm.

{¶ 7} Because she failed to raise this issue in the trial court, Gibler has forfeited all but plain error. *State v. Rogers,* 2015-Ohio-2459, ¶ 3. "[A] forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* As such, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 2015-Ohio-995, ¶ 10. The Double Jeopardy Clause protects against several abuses. *Id.* Pertinent to this case is the protection against multiple punishments for the

4.

same offense. *Id.* To that end, the General Assembly enacted R.C. 2941.25, which directs when multiple punishments may be imposed. *Id.* It prohibits multiple convictions for allied offenses of similar import arising out of the same conduct:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In *Ruff*, the Ohio Supreme Court examined in detail the analysis that must be performed in determining whether offenses are allied offenses of similar import under R.C. 2941.25. It identified three questions that must be asked: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. If the answer to any of these questions is "yes," the defendant may be convicted and sentenced for multiple offenses. *Id.* at ¶ 25, 30. The court explained that offenses are of *dissimilar* import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. It emphasized that the analysis must focus on the defendant's conduct, rather than simply compare the elements of two offenses. *Id.* at ¶ 30.

5.

{¶ 10} The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments. *State v. Washington*, 2013-Ohio-4982, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67 (1987). "Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts . . . ." *State v. Bailey,* 2022- Ohio-4407, ¶ 11. This "can lead to exceedingly fine distinctions." *Id*. As such, an allied offenses analysis "may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases." *Ruff* at ¶ 32.

{¶ 11} Here, Gibler was convicted after entering guilty pleas, making for a fairly sparse record. The indictment and the presentence investigation report are the only sources of factual information here. *State v. Hall*, 2018-Ohio-619, ¶ 11 (6th Dist.) ("[T]he entire record—including the PSI and arguments and information presented at the sentencing hearing—may be considered in determining whether to merge multiple offenses at sentencing.").

{¶ 12} Count 7 of the Indictment states as follows:

> Kalie Ann Gibler on or about June 24, 2022 through January 10, 2023, . . . with purpose to defraud or knowing that she was facilitating a fraud, did forge a writing, to wit: checks, of another, without . . . the other person's authority in violation of [R.C.] 2913.31(A)(1) [and] (C)(1)(b), Forgery, a felony of the fifth degree. . . .

{¶ 13} Count 9 states as follows:

> Kalie Ann Gibler on or about June 24, 2022, through September 29, 2022, . . . did with purpose to deprive the owner, Pioneer Custom Coating, of property or services, to wit: payroll checks, knowingly obtain or exert

6.

control over either the property or services without the consent of the owner or person authorized to give consent in violation of [R.C.] 2913.02(A)(1) [and] (B)(2), Theft, a felony of the fifth degree.

FURTHERMORE, the property stolen is property listed under [R.C.] 2913.71 . . . in that it is a printed form for a check or other negotiable instrument, that on its face identifies the drawer or maker for whose use it is designed or identifies the account on which it is to be drawn, and that has not been executed by the drawer or maker or on which the amount is blank, to wit: payroll checks. . . .

{¶ 14} According to the police report recited within the PSI, on September 27, 2022, it was discovered that six payroll checks payable to D.S. were stolen from a desk drawer at Pioneer Custom Coating, and three of them—one dated June 24, 2022, one dated August 5, 2022, and one dated September 9, 2022—were cashed. D.S.'s endorsement was forged on those three checks and "pay to the order of" Kalie Gibler was written on them.

{¶ 15} Where there are multiple victims, the offenses are of dissimilar import. *State v. Haddox,* 2016-Ohio-3368, ¶ 18-20 (6th Dist.). Moreover, this court has recognized that "[a]s to the offenses of theft by deception and forgery, . . . 'a single course of conduct may entail multiple criminal acts.'" *Id.* at ¶ 20; quoting *State v. Russell,* 2015-Ohio-2802, ¶ 19 (6th Dist.), citing *State v. Smith,* 2014-Ohio-5076, ¶ 26 (11th Dist.). This is well-illustrated in *State v. Esner,* 2017-Ohio-1365, ¶ 8 (8th Dist.). In *Esner,* the defendant stole blank checks and then forged three checks on those stolen blank checks. The court observed that "[a]lthough the theft facilitated the forgery, and thus could be considered a single course of conduct, the crimes were all based on separate

7.

and distinct acts." Similarly, in *State v. Foggin*, 2021-Ohio-830, ¶ 21 (5th Dist.), the court concluded that the defendant's theft and forgery convictions were not allied offenses of similar import because "the crime of theft of the blank and unexecuted check occurred at a separate time and location from the attempt to utter the forged check[.]"

{¶ 16} Here, in addition to there having been two separate and distinct acts—the taking of the payroll checks out of the desk drawer then the endorsing and cashing of those checks—there were additional factors preventing the convictions from merging. There were multiple victims of the theft: D.S. and Pioneer Custom Coating (and arguably, the bank that cashed the checks). There were multiple instances of theft: six checks were stolen. And there were multiple instances of forgery: endorsements were forged on three checks. As such, Gibler has failed to demonstrate a reasonable probability that her convictions are for allied offenses of similar import. Accordingly, we find no plain error in the trial court's failure to merge Gibler's forgery (Count 7) and theft (Count 9) convictions.

{¶ 17} We find Gibler's assignment of error not well-taken.

### III. Conclusion

The trial court did not err by failing to merge Gibler's convictions of theft of paychecks from a desk drawer of a business and forgery of endorsements on those checks. We find Gibler's assignment of error not well-taken. We affirm the February 10,

8.

2025 judgment of the Williams County Court of Common Pleas.  Gibler is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.