**[Cite as *State v. Brentlinger*, 2025-Ohio-5302.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-25-00033

    Appellee/Cross-Appellant              Trial Court No. CR0202401229

v.

Logan Brentlinger                            **DECISION AND JUDGMENT**

    Appellant/Cross-Appellee              Decided:  November 25, 2025

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for
appellee/cross-appellant.

Tyler Naud Jechura, for appellant/cross-appellee.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is on appeal of defendant-appellant Logan Brentlinger and the

cross appeal of the plaintiff-appellee, the state of Ohio. Brentlinger challenges the

sentence imposed, arguing the trial court should have merged the two counts of pandering

obscenity involving a minor, three counts of pandering sexually oriented material involving a minor, and three counts of illegal use of a minor in a nudity-oriented material or performance. At sentencing, the trial court ordered merger for the counts for rape and gross sexual imposition but declined to merge the remaining counts, imposing an aggregate prison term of life in prison with eligibility for parole after 36 to 39 years. The state as cross-appellant argues the trial court erred in merging the two rape counts and two gross sexual imposition counts.

{¶ 2} For the reasons that follow, we find error in merging the two rape counts and two gross sexual imposition counts, and we reverse and remand for resentencing.

## I. Background and Procedural History

{¶ 3} Following an Internet Crimes Against Children cybertip, police obtained a warrant to seize Brentlinger's digital devices in June 2023. They discovered evidence of sexual conduct with the minor victim in this case on Brentlinger's iPhone 11, along with other files depicting child sexual abuse. A month later, police seized an iPhone 13 from Brentlinger and found additional files depicting child sexual abuse.

{¶ 4} A criminal complaint was filed on December 14, 2023 and a warrant issued. Brentlinger appeared in the Maumee Municipal Court after his arrest. He waived a preliminary hearing, posted bond, and was released with conditions including a GPS monitor and a no contact order with the alleged victim.

{¶ 5} On February 13, 2024, the grand jury returned a 17-count indictment based on the images and/or videos retrieved from Brentlinger's phone, depicting the child

2.

victim in a state of nudity and showing Brentlinger masturbating on or near the child victim or performing sexual acts on the child victim. The indictment included the following counts:

> Count 1: Rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree;
>
> Count 2: Rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree;
>
> Count 3: Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) and (C), a felony of the third degree;
>
> Count 4: Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) and (C), a felony of the third degree;
>
> Count 5: Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31 (A)(3) and (F), a felony of the fourth degree;
>
> Count 6: Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree;
>
> Count 7: Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree;
>
> Count 8: Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) and (C), a felony of the second degree;
>
> Count 9: Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) and (C), a felony of the second degree;
>
> Count 10: Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) and (C), a felony of the second degree;
>
> Count 11: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree;

3.

Count 12: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree;

Count 13: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree;

Count 14: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree;

Count 15: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree;

Count 16: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree; and

Count 17: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree.

All the conduct was alleged to have occurred on or about May 13, 2023, in Lucas County, Ohio.

{¶ 6} At his arraignment on February 27, 2024, Brentlinger entered not guilty pleas and the trial court ordered Brentlinger held without bond.[1]

{¶ 7} On June 11, 2024, Brentlinger filed a motion for bill of particulars, seeking additional discovery that demonstrated conduct to support separate counts, considering

---

[1] The trial court held a bond hearing on February 29, 2024, at which the state outlined the evidence underlying the charges and argued that the evidence demonstrated Brentlinger posed a threat to the community. Brentlinger did not appeal the trial court's decision to deny bond.

all conduct alleged in the 17-count indictment occurred on May 13, 2023, and the charges were based on brief video clips that, when played in the two sequences, lasted 3 minutes and 18 minutes each. The state filed a response, delineating the conduct as to each count, identifying conduct occurring on a couch ("the couch series") and in a bathtub ("the bathtub series").

{¶ 8} On October 10, 2024, Brentlinger entered a guilty plea as to counts 1 through 10 and counts 15 through 17, with counts 11 through 14 (Illegal Use of a Minor in Nudity-Oriented Material/Performance) to be dismissed at sentencing. The trial court accepted the guilty plea, found Brentlinger guilty, and scheduled the matter for sentencing on November 14, 2024.

{¶ 9} Brentlinger filed a motion to merge charges on November 6, 2024, and the state filed its opposition. Brentlinger argued that Counts 1 and 2, alleging rape, were committed as part of a single act and should merge. Brentlinger also argued that Counts 3 and 4, alleging gross sexual imposition, should merge for the same reason. Similarly, Brentlinger argued that the two counts for pandering obscenity (Counts 6 and 7), the three counts for pandering sexually oriented material involving a minor (Counts 8, 9, and 10), and the three counts for illegal use of a minor in nudity-oriented material (Counts 15, 16, and 17) were all recorded within a minute of the other count or counts and, therefore, constituted the same conduct with no separate animus.

5.

{¶ 10} The state filed written opposition to Brentlinger's motion seeking merger, as well as a chart of the offenses, presenting each act chronologically based on the recordings obtained from Brentlinger's phone.

{¶ 11} At the sentencing hearing, the trial court requested argument regarding merger to supplement Brentlinger's motion to merge charges and the state's response. Brentlinger, through his counsel, rested on his argument in the motion, with counsel further arguing Brentlinger's own childhood abuse that mirrored the abuse inflicted on Brentlinger's victim should be taken into consideration. Brentlinger argued in favor of all counts running concurrently. Brentlinger also addressed the trial court, conveying his remorse and need for mental health treatment in addition to punishment.

{¶ 12} The state opposed merger as to any of the counts, presented victim impact statements, reading one of the statements into the record, and argued in favor of maximum sentences, ordered consecutively.

{¶ 13} After considering the motion and argument of counsel, the trial court granted the motion to merge in part, determining Counts 1 and 2 (rape) and Counts 3 and 4 (gross sexual imposition) were allied offenses and subject to merger. The trial court denied the motion as to the remaining counts for the child pornography charges in Count 5 (disseminating matter harmful to juveniles), Counts 6 and 7 (pandering obscenity involving a minor), Counts 8, 9, and 10 (pandering sexually oriented matter involving a minor), and Counts 15, 16, and 17 (illegal use of a minor in nudity-oriented

6.

material/performance). In denying merger as to the remaining counts, the trial court found:

> These are all separate groups of charges and all describe each one of these charges and this is evidenced by the response the State of Ohio filed as well as this Court's Exhibit A. They all describe separate photos and videos with separate file names. The State of Ohio, I'll reference the response to the Motion for Merger articulated the precise and separate actions that needed to take place in-between creating each digital file and saving that to the Snapchat App that's on page 4 of the State's Response to Defendant's Motion to Merge Charges for Sentencing. Specifically, that the Defendant must hold down the record button for the duration of the video while the user is creating it.
>
> If a sexual act was performed during a recording or performed during that time the recording is then stopped by lifting a finger from the record button, the video or image is then saved to memories. Memories is a location within Snapchat where a user can save and store their videos and images for future access. Forensically this is the time when the file was uploaded to Snapchat, the screen is then clear to reaccess the recorder capture feature.
>
> So that described with particularity the separate acts here that occurred to both capture or record and then saved each one of these images or videos. So although there may be an argument here for concurrent sentences as it relates to those separate groups as articulated in Defendant's motion, each of those – these charges within the four separate groups describes particular conduct committed separately and the Court will not merge any of the charges within those groups.

{¶ 14} The state elected to proceed for sentencing on Counts 1 and 3, and the trial court imposed the following prison terms:

> Count 1: Rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree, a prison term of 15 years to life;
>
> Count 3: Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) and (C), a felony of the third degree, a prison term of 48 months;

7.

Count 5: Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(3) and (F), a felony of the fourth degree, a prison term of 12 months

Count 6 and 7: Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree; an indefinite prison term of 6 years to 9 years as to each count;

Counts 8, 9, and 10: Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) and (C), a felony of the second degree; an indefinite prison term of 4 years to 6 years as to each count; and

Counts 15, 16, and 17: Illegal Use of a Minor in Nudity-Oriented Material/Performance in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree; an indefinite prison term of 6 years to 9 years as to each count.

The trial court ordered the sentences imposed for Counts 6 and 7 to be served concurrently, the sentences imposed for Counts 8, 9, and 10 to be served concurrently, and the sentences imposed for Counts 15, 16, and 17 to be served concurrently. After making the required statutory findings under R.C. 2929.14, the trial court ordered the sentences for Counts 1, 3, and 5 to be served consecutively to each other, and consecutively to the concurrent sentences imposed in Counts 6 and 7, consecutively to the concurrent sentences imposed in Counts 8, 9, and 10, and consecutively to the concurrent sentences imposed in Counts 15, 16, and 17. The aggregate prison sentence imposed was life with eligibility for parole after serving the minimum term of 36 years with a 3-year tail, for a potential maximum term of 39 years.

{¶ 15} Brentlinger filed a timely appeal of the judgment. The state filed a cross appeal.

8.

## II. Assignment of Error

{¶ 16} Brentlinger asserts a single assignment of error in his appeal, as follows:

> The trial court errored when it did not merge multiple charges at the time of sentencing.

{¶ 17} The state, in turn, filed a cross-appeal, asserting as error:

> Offense of rape and gross sexual imposition which are separated by time and the commission of other acts are separate offenses under Ohio law so that they do not merge.

## III. Analysis

{¶ 18} Brentlinger argues that the two counts of pandering obscenity involving a minor should have merged; that the three counts of pandering sexually oriented material involving a minor should have merged; and that the three counts of illegal use of a minor in nudity-oriented material or performance should have merged. In support, Brentlinger relies on the transcript of the hearing concerning his denial of bond in which the state's witness described the video files retrieved from Brentlinger's phone.

{¶ 19} The state, in its cross-appeal, argues that the trial court should not have merged the rape counts or the gross sexual imposition counts, relying on the same description of photo and video files. The state argues that each act of rape and each act of gross sexual imposition were separated by the commission of another act: the saving of the recording before committing the next act. Because each act was separate and identifiable, with a break for a separate criminal act, the state argues that merger was not proper as to the two rape offenses or the two gross sexual imposition offenses.

9.

**A. Law**

{¶ 20} Merger applies to ensure a defendant is not subjected to multiple punishments for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. *State v. Gibler,* 2025-Ohio-4689, ¶ 8 (6th Dist.). As provided by R.C. 2941.25(A), "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 21} However, where the conduct "results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each," the state may charge a defendant for all offenses "and the defendant may be convicted of all of them." R.C. 2941.25(B). In seeking merger at sentencing, "[t]he defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments." *Gibler* at ¶ 10, citing *State v. Washington*, 2013-Ohio-4982, ¶ 18 (additional citation omitted.).

{¶ 22} We apply de novo review to a trial court's decision regarding merger. *State v. Girad,* 2025-Ohio-4494, ¶ 19 (6th Dist.), citing *State v. Roberson,* 2018-Ohio-1955, ¶ 12 (6th Dist.). In doing so, the analysis is necessarily fact-specific, as "[a]t its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *State v. Ruff,* 2015-Ohio-995, ¶ 16.

10.

**B. Brentlinger's appeal**

{¶ 23} Brentlinger argues that his conviction for two counts of pandering obscenity involving a minor should have merged, his three counts of pandering sexually oriented matter involving a minor should have merged, and his three counts of illegal use of a minor in nudity-oriented material or performance should have merged.

{¶ 24} Pandering obscenity involving a minor was charged in Counts 6 and 7. The charges alleged a violation of R.C. 2907.321(A)(1), which provides:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, reproduce, or publish any obscene material that has a minor or impaired person as one of its participants or portrayed observers.

{¶ 25} Pandering sexually oriented matter involving a minor was charged in Counts 8, 9, and 10. The charges alleged a violation of R.C. 2907.322(A)(1), which provides:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality;

{¶ 26} Finally, illegal use of a minor in nudity-oriented material or performance was charged in Counts 15, 16, and 17. The charges alleged a violation of R.C. 2907.323(A)(1), which provides:

> (A) No person shall do any of the following:

11.

(1) Photograph any minor or impaired person who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor or impaired person in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

(b) The minor's or impaired person's parents, guardian, or custodian consents in writing to the photographing of the minor or impaired person, to the use of the minor or impaired person in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

{¶ 27} For each group of offenses, the trial court found that the act of recording, stopping the recording, saving the video or image to "Memories" in the Snapchat application, and then clearing the screen to restart the process for the recording of the next image constituted separate conduct and animus for purposes of the merger analysis. The trial court's analysis is a correct application of the law.

{¶ 28} "The law is clear that child pornography offenses are offenses of dissimilar import if each offense involves a separate file or image." *State v. Sanders,* 2021-Ohio-2431, ¶ 35 (2d Dist.), citing *State v. Stapleton*, 2020-Ohio-4479, ¶ 54 (4th Dist. ) ("Ohio courts have found that child pornography offenses are offenses of dissimilar import when each offense involves a separate file or image."); *State v. Mannarino*, 2013-Ohio-1795, ¶ 53 (8th Dist.), quoting *State v. Eal,* 2012-Ohio-1373, ¶ 93 (10th Dist.) ("Each child

12.

pornography file or image that is downloaded is 'a new and distinct crime.' "); *State v. Blanchard*, 2009-Ohio-1357, ¶ 12 (8th Dist.), *reversed on other grounds in In re Cases Held for Decision in State v. Williams*, 2011-Ohio-5348 (holding that the trial court was not required to merge various charges of pandering based on numerous photographs, because each photo involved "a separate physical act to take the photograph, and resulted in a separate photographic image").

{¶ 29} "[M]ultiple convictions are allowed for each individual video file because a separate animus exists every time a separate image or file is created and saved." *State v. Pippin,* 2017-Ohio-6970, ¶ 50 (1st Dist.), citing *State v. Stone*, 2005-Ohio-5206, ¶ 9 (1st Dist); *State v. Hendricks*, 2009-Ohio-5556, ¶ 35 (8th Dist); *State v. Eal*, 2012-Ohio-1373, ¶ 93 (10th Dist.);  *State v. Starcher*, 2015-Ohio-5250, ¶ 35 (5th Dist.); *State v. Lucicosky*, 2017-Ohio-2960, ¶ 23 (7th Dist.).

{¶ 30} We find Brentlinger's assignment of error on appeal not well-taken.

**C. State's cross-appeal**

{¶ 31} In its cross-appeal, the state argues the trial court erred in ordering merger of the two rape charges and the two gross sexual imposition charges. We previously addressed merger of multiple rape charges, committed against the same victim on the same day, and found intervening acts separated the offenses and demonstrated separate animus for purposes of merger. In *State v. Dean,* 2018-Ohio-1740 (6th Dist.), we addressed the issue of separate animus where two rapes were perpetrated against the same victim in close succession. *Dean* at ¶ 55. We found the two rapes were "committed

13.

separately and with a separate animus" based on intervening acts. *Id.* at ¶ 57-58. In *Dean,* the first rape was followed by a threat to the victim to "do it again" or "get killed." *Id.* at ¶ 61. Based on this record, we found the "trial court had a reasonable basis to conclude that separate and distinct crimes were committed and that Dean acted with a separate animus as to each." *Id.*

{¶ 32} In the present case, the recordings demonstrated a rape, followed by uploading the video, then gross sexual imposition, followed by uploading the video, then rape, followed by uploading the video, then gross sexual imposition, followed by uploading the video. Thus, the conduct constituting each rape was separated by intervening acts, as was the conduct constituting each gross sexual imposition. Additionally, the separate conduct and animus involved in committing the various child pornography offenses also constituted intervening acts. Even though the rapes and gross sexual imposition occurred on the same day to the same victim, the record shows separate and distinct conduct, "separated by significant intervening acts." *Pippin* at ¶ 49, citing *State v. Jones,* 78 Ohio St.3d 12, 14 (1997) (attempted rape, interrupted by removal of a tampon, followed by rape were offenses separated by significant intervening act").

{¶ 33} Considering the interruption between each offense to save and upload each individually recorded clip, we find the trial court erred in finding the two rape charges merged and the two gross sexual imposition charges merged at sentencing. Therefore, we find the state's assignment of error on cross-appeal well-taken.

14.

## IV. Conclusion

**{¶ 34}** We reverse the sentence only as to the trial court's merger of Counts 1 and 2 and merger of Counts 3 and 4, and remand for resentencing as to those counts. Brentlinger is ordered to pay the costs of this appeal pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.